FANNIE PETRULLO, RESPONDENT, v. STANDARD FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, APPELLANT.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellant, *Williams & Leonard.*

For the respondent, *Joseph H. Gaudielle.*

The opinion of the court was delivered by

LLOYD, J. Plaintiff below recovered a judgment for a fire loss and the defendant appeals. The grounds urged for reversal are that the trial judge erroneously admitted in evidence a decree in Chancery establishing the title of the plaintiff (insured by the defendant), to the property in which the fire

occurred, and gave to such decree binding effect on the defendant.

The policy of insurance provided that it should be void "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee-simple." The defense was that the plaintiff did not have such "unconditional and sole ownership" of the insured property.

At the time the insurance was effected and at the time of the loss the legal paper title to the property stood in the name of Joseph Petrullo, husband of the plaintiff. Thereupon the plaintiff filed a bill in the Court of Chancery to have the deed to her husband, dated January 11th, 1929, and recorded April 10th, 1930, reformed by striking out the name of Joseph Petrullo as grantee and inserting therein in its place the name of the plaintiff, Fannie Petrullo, the insured. This proceeding resulted in a decree in conformity with the prayer of the bill.

At the trial in the present case the deed to Joseph, together with the reforming decree, were offered in evidence. To the decree the defendant entered objection on the ground that the defendant was not bound thereby; that it was an attempt to vary the terms of the insurance contract, and finally that it attempted to fix liability on the defendant by changing the ownership of the title after the contract was made.

It is now contended that not only was the deed inadmissible but that the trial judge was wrong in submitting to the jury the question of damages only, and in effect ruling that the decree was conclusive on the question of title as of the time the insurance was effected.

Assuming that the latter question is sufficiently raised, (which is doubtful, inasmuch as no exception was taken to the charge of the trial judge, nor is any such error alleged in the grounds of appeal) we think the court was right with respect to both questions.

While it is true the defendant was not bound by the decree, the decree was nevertheless a muniment of title and as such was just as admissible as the deed which it purported to reform. *Railroad Equipment Co.* v. *Blair*, 145 *N. Y.* 607.

If the title by the deed to which no objection was made had been to the plaintiff Fannie instead of to her husband, Joseph Petrullo, the defendant would be no more a party thereto than it was to the reforming decree.

The company had presented the defense that the plaintiff was not the unconditional owner. Upon her was therefore placed the burden of establishing such ownership. This she proceeded to do by offering her paper title showing first the conveyance, in form to her husband, and later the decree of the court reforming that deed which established title in herself. This, like any other deed, became *prima facie* evidence of ownership. As a deed to the plaintiff would not have been conclusive on the defendant as to the ownership of the property, so the decree was not conclusive, but the latter being, like a deed, *prima facie* evidence of ownership, imposed on the defendant the burden of showing the contrary. This burden it did not attempt to meet.

As the case stood, therefore, when submitted to the jury the plaintiff's title was presumptively complete and unimpeached, and, in the absence of contradictory proofs, the court was obliged to instruct the jury that the matter of damages was the only problem to be solved by it.

That the defendant was prejudiced by the reformation after the insurance was effected we do not see. It had no interest in the property itself. Its only relation to the property was that it had contracted to reimburse the owner for loss by fire. It will hardly be supposed that it was insuring one whom it knew not to be the owner with the intention of using the fact of such non-ownership to defeat performance of its contract, and it was otherwise not harmed by having established the very title which it had assumed to exist and upon which it relied in placing its insurance.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 16.

*For reversal*—None.